IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

MOHAMMAD MANSOORI,

                Defendant.

Case No. 97 CR 63-9

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Mohammad Mansoori's Motion for Relief Under the First Step Act (Dkt. No. 1147) is granted.

### I. BACKGROUND

For approximately five years, Mohammad Mansoori ("Mansoori") helped supply the Traveling Vice Lords gang with narcotics and launder the illicit proceeds. In 1997, Mansoori was charged with one count of conspiring to distribute cocaine, cocaine base ("crack cocaine"), and heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 ("Count One") and with 11 counts of engaging in monetary transactions involving funds deriving from criminal activities, in violation of 18 U.S.C. § 1957 ("Counts Three through Thirteen"). Mansoori went to trial along with his co-defendants, Kenneth Choice, Mark Cox, Bahman Mansoori, and Terry Young. No minimum

drug quantity was charged in Mansoori's indictment or submitted to the jury.

A jury found Mansoori guilty of all counts on April 13, 1998. On Count One, under 18 U.S.C. § 841, Mansoori faced a statutory mandatory minimum of ten years' imprisonment and a maximum term of life imprisonment. On each of the money laundering counts, under 18 U.S.C. § 1957, Mansoori faced a ten-year statutory maximum prison sentence. On September 23, 1999, the sentencing court sentenced Mansoori to life imprisonment on Count One. That court also sentenced Mansoori to 11 consecutive terms of ten years' imprisonment on Counts Three through Thirteen, to be served concurrently with his life term on the conspiracy charge. (Sept. 23, 1999, Mansoori Crim. J. at 4-8, Dkt. No. 892.) The court sentenced Mansoori to an eight-year term of supervised release.

There have been several rounds of appeals in this case. First, Mansoori and his co-defendants appealed a variety of issues, including: the constitutionality of the wiretap orders that supported the initial investigation; the trial court's decision to empanel an anonymous jury; the admission of a gang specialist's testimony; jury instructions; the failure to submit drug quantitates to the jury in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); special assessments; and community restitution orders. *See United States v. Mansoori*, 304 F.3d 635

(7th Cir. 2002) ("*Mansoori I*"). The Seventh Circuit vacated and remanded Mansoori's sentence because the sentencing judge erred in the amount of special assessments he imposed, and in ordering Mansoori to pay community restitution; the Seventh Circuit otherwise upheld Mansoori's sentence. *Id.* at 677. The sentencing court then amended Mansoori's criminal judgment to correct his monetary penalties but left the length of his sentences intact. (*See* March 17, 2004, Am. J. in Criminal Case, Dkt. No. 892.)

Next, Mansoori and his co-defendants appealed their life sentences for conspiring to distribute narcotics. *See United States v. Mansoori*, 480 F.3d 514 (7th Cir. 2007) ("*Mansoori II*"). Mansoori argued that (1) his sentence was inconsistent with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), because the sentencing court treated the Sentencing Guidelines as binding when it re-sentenced him; and (2) he was entitled, on remand from the Seventh Circuit's opinion in *Mansoori I*, to a *de novo* (or "plenary") re-sentencing rather than a re-sentencing confined to the particular errors the Seventh Circuit found in *Mansoori I*. Mansoori hoped for a *de novo* resentencing that would have to conform to the Supreme Court's decision in *Apprendi* (which requires a jury finding of specific drug quantities before a court may sentence a defendant to the life term authorized by § 841(b)(1)(A)). *Id.* at 516-17. The Seventh Circuit held that

*Mansoori I* did not entitle Mansoori to a *de novo* resentencing, but he was entitled to a remand so that the sentencing court could consider whether it would have sentenced him more leniently knowing that the Guidelines are advisory rather than binding. *Id.* at 521. In accordance with this second remand, on January 9, 2008, the sentencing court issued a minute entry that stated as follows: "[T]he court finds it would not have sentenced defendant [Mohammad] Mansoori to a lower sentence than life imprisonment on Count One had the court known that the sentencing guidelines are advisory and not mandatory." (Jan. 9, 2008 Minute Entry, Dkt. No. 1049.) The sentencing court did not state whether it would have sentenced Mansoori differently on the 110-year prison term for money laundering had it known the sentencing guidelines were advisory.

Mansoori and his co-defendants appealed again, arguing that the sentencing court's decision to adhere to a life sentence for the drug conspiracy conviction was unreasonable. *See United States v. Mansoori*, 270 F. App'x 439 (7th Cir. 2008) ("*Mansoori III*"). The Seventh Circuit disagreed, holding that because the life term was within the range of imprisonment recommended by the Sentencing Guidelines, it was presumptively reasonable. *Id.* at 440. In 2011, Mansoori filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255. (*See* Def.'s § 2255 Motion, Dkt. No. 1., *United States v. Mansoori*, 11-cv-1320.) The district court

presiding over that motion dismissed it as untimely. The Seventh Circuit denied Mansoori's request for certificates of appealability from the district court's order. *See Mansoori v. United States*, App. No. 16-1576 (7th Cir. Feb. 7, 2017.) In 2014, the Executive Committee transferred Mansoori and his co-defendants' criminal cases to this Court.

Mansoori has been in federal custody for nearly 23 years. He now moves the Court to reduce his sentence pursuant to the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Mansoori requests that the Court reduce his entire sentence to time served.

## II. **STANDARD**

In 2010, Congress passed the Fair Sentencing Act, which reduced sentencing disparities between offenses involving crack and powder cocaine. Pub. L. No. 111-220, 124 Stat. 2372 (2010). The First Step Act effectively makes certain provisions of the Fair Sentencing Act retroactive. Section 404 of the First Step Act states, in relevant part:

> (a) DEFINTION OF COVERED OFFENSE. In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED. A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a

reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

PL 115-391. Relief under the First Step Act is discretionary. *Id.* § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")

### III. DISCUSSION

#### A. Covered Offense

The First Step Act limits eligibility to "covered offenses"—that is, a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010. *See* PL 115-391 § 404. The various subsections of 21 U.S.C. § 841(b)(1) set forth a number of different minimum and maximum sentences depending on the amount of drugs involved. The statute provides for a prison sentence of up to life so long as the offense involved five or more kilograms of cocaine, one or more kilograms of heroin, or 50 grams or more of cocaine base. 21 U.S.C. § 841(b)(1)(A)(i)-(iii).

The sentencing court sentenced Mansoori under § 841(b)(1)(A), finding that he easily conspired to distribute in excess of the quantities of narcotics outlined above, and that the statutory sentence for his conspiracy conviction was therefore ten years to

life. *See* 21 U.S.C. § 841(b)(1)(A) (1998). The Fair Sentencing Act raised the amount of crack cocaine that triggered that statutory sentence from 50 grams to 280 grams. 21 U.S.C. § 841(b)(1)(A) (2019). The Fair Sentencing Act set the statutory penalty for more than 28 but less than 280 grams of crack cocaine as between five- and 40-years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2019). Therefore, Mansoori argues, the Fair Sentencing Act modified the statutory penalty for 21 U.S.C. § 841(a)(1), rendering his offense a "covered offense" under the First Step Act.

The Government's opposition brief "reincorporates" an argument it has made to this Court in other First Step Act cases: whether an offense is "covered" under the First Step Act is determined by the "actual conduct involved in the defendant's violation," as opposed to the language contained in the charging document. (Gov.'s Resp. at 5, Dkt. No. 1155.) The Government cites to the Presentence Investigation Report ("PSR") that the U.S. Probation Office prepared prior to Mansoori's sentencing, as proof that Mansoori's "actual conduct" involved selling "20-30 kilograms of cocaine at a time, often on a weekly basis." (Gov.'s Resp. at 2.) According to the Government, Mansoori conspired to distribute over 150 kilograms of cocaine, a quantity that far exceeds 280 grams, such that the Fair Sentencing Act did not modify the applicable statutory penalty. The sentencing court apparently

adopted this factual assertion from the PSR, sentencing Mansoori and several of his co-defendants to a term of life imprisonment on Count One based on its finding that they conspired to distribute more than 150 kilograms of cocaine. *See Mansoori I*, 304 F.3d at 657.

First, the Government cannot incorporate by reference arguments it has made in briefs in other cases. Undeveloped arguments are waived. See *Argyropolous v. City of Alton*, 539 F.3d 724 (7th Cir. 2008). Second, as this Court has held before, the Government's argument conflicts with clear Supreme Court precedent. *See United States v. Johnson*, 01 CR 543, 2019 WL 2590951, *3 (N.D. Ill. June 24, 2019); *United States v. Edwards*, 95 CR 508-5, Order, Dkt. No. 1210; *United States v. Jackson*, 95 CR 508-6, Order, Dkt. No. 1225. The Supreme Court has held, with limited exception, that any fact that enhances a statutory penalty must be proven beyond a reasonable doubt:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne v. United States*, 570 U.S. 99, 103 (2013); *see also Apprendi v. New Jersey*, 530 U.S. at 476-79. Therefore, the quantity of drugs set forth in the PSR, or discussed by witnesses at trial,

cannot have the effect of increasing the penalty for Mansoori's crime. Only quantities charged in the indictment and either expressly proven to a jury beyond a reasonable doubt or admitted in his guilty plea can have such an effect. *See United States v. Williams*, No. 08 CR 00401-4, 2019 WL 4014241, at *6 (N.D. Ill. Aug. 25, 2019). It is the statute of conviction—and specific drug quantities found beyond a reasonable doubt—that control eligibility under the First Step Act, not "actual conduct." *See United States v. Booker*, No. 07 CR 843-7, 2019 WL 2544247, at *3 (N.D. Ill. June 20, 2019); *Williams*, 2019 WL 4014241, at *6; *United States v. Wright*, No. 03 CR 362-2, 2019 WL 3231383, at *3 (N.D. Ill. July 18, 2019).

No minimum drug quantity was charged in Mansoori's indictment or submitted to the jury. *Mansoori I*, 304 F.3d at 657 ("[T]he court instructed the jury that '[t]he Government does not have to prove the amount of controlled substances alleged in the indictment,' but rather it need only determine that the offenses charged… involved 'a measurable amount' of narcotics."). Therefore, the Government's argument regarding Mansoori's "actual conduct" fails. Mansoori's conspiracy conviction is a "covered offense" under the First Step Act.

## B. Plenary Resentencing

The Government asserts that even if the Court reduces Mansoori's life sentence on Count One, the Court cannot reduce his concurrent 110-year sentence for engaging in monetary transactions involving funds deriving from criminal activities (Counts Three through Thirteen). According to the Government, the First Step Act does not authorize "plenary" resentencing. Rather, it only permits a court to recalculate the sentence imposed on a covered offense as if the Fair Sentencing Act had been in effect at the time, while leaving any other sentences intact. Several district courts have adopted this statutory interpretation. *See United States v. Coleman*, 382 F.Supp.3d 851, 857 (E.D. Wis. 2019) (collecting cases). However, the matter is far from settled in this Circuit, as neither the Supreme Court nor the Seventh Circuit has addressed it yet. And several district courts have concluded that adjusting the sentence of a defendant's other convictions is appropriate when reducing the sentence for a covered offense under the First Step Act:

> Although only one of [defendant's] two convictions qualifies as a covered offense, the court "imposed a sentence for a covered offense" when it entered its single sentencing judgment. Moreover, when imposing a reduced sentence as if the Fair Sentencing Act were in effect, the court effectively resentences the defendant under the Fair Sentencing Act (except that the sentence cannot exceed his current sentence). As with any sentencing, the court considers multiple counts

> together; indeed, the guidelines require the court to use a combined offense level for all counts. U.S.S.G. § 3D1.1(a)(3). Because the potential reduced penalties for covered offenses could influence the range of recommended penalties for non-covered offenses, imposing a reduced sentence as if the Fair Sentencing Act were in effect entails resentencing on all counts.

See *United States v. Biggs*, No. 05 CR 316, 2019 WL 2120226, at *3 (N.D. Ill. May 15, 2019) (internal citations and quotations omitted); *see also United States v. DeJesus*, No. 3:00-CR-227, 2019 WL 5685090, at *2 (D. Conn. Nov. 1, 2019) ("[A] defendant who is entitled to relief under the First Step Act for a covered offense is also entitled to a full resentencing on related convictions.").

Plenary resentencing for an individual who is eligible for First Step Act relief is appropriate for several reasons. First, the text of the First Step Act says simply, "A Court that imposed a sentence for a covered offense may… impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act… were in effect at the time the covered offense was committed." PL 115-391 § 404(b). Though a defendant must have been convicted of a "covered offense" to be eligible for relief under the First Step Act, Section 404(b) does not limit a court's discretion to reduce sentence only to the covered offense. Second, a limited resentencing conflicts with the Sentencing Guidelines, which require a court to consider multiple counts together. *See Biggs*, 2019 WL 2120226, at *3 (citing U.S.S.G. § 3D1.1(a)(3)).

Third, and of particular salience in this case, constraining resentencing to only the "covered offense" "undermines the great responsibility a sentencing court undertakes—to impose a fair sentence upon the defendant." *United States v. Medina*, No. 3:05-CR-58, 2019 WL 3769598, at *6 (D. Conn. July 17, 2019) (concluding that the First Step Act permits plenary resentencing). A sentencing court must craft a sentence that is "sufficient but not greater than necessary" to fulfil the purposes of sentencing. 18 U.S.C. § 3553(a). At every sentencing, a court "must consider the totality of the circumstances or it runs the risk of imposing a sentence that is greater than necessary to serve the purposes of sentencing." *Medina*, 2019 WL 3766392 at *6. Put simply, the correction of one sentence may necessitate the unbundling of a defendant's overall sentences. *See Mansoori II*, 480 F.3d at 520. Indeed, this Court has already effectively engaged in a plenary resentencing under the First Step Act. In *United States v. Jackson*, defendant Johnny Jackson had consecutive sentences of 20 years' imprisonment for a 21 U.S.C. § 846 violation, 20 years' imprisonment for a 21 U.S.C. § 841(a)(1) violation, and four years' imprisonment for each of 15 counts of 21 U.S.C. § 843(b) violations, the latter of which was not a "covered offense" under the First Step Act. In reducing Jackson's sentence under the First Step Act, the Court adjusted his sentence such that the length of

prison terms for his convictions remained unchanged but set all his sentences to run concurrently rather than consecutively. *See United States v. Jackson*, 95 CR 508-6, Order, Dkt. No. 1225.

Adjusting Mansoori's concurrent 110-year sentence is appropriate in this case because the drug conspiracy conviction, and the accompanying life sentence, was the focal point of Mansoori's sentencing. *See Mansoori II*, 480 F.3d 514, 520 ("It was the life term imposed on each defendant pursuant to their convictions on Count One that dictated the overall length of their sentences.") Likely for this reason, the sentencing court imposed Mansoori's 110-year sentence on Counts Three through Thirteen as concurrent with his term of life. Indeed, when the Seventh Circuit instructed the sentencing court in *Mansoori II* to reconsider Mansoori's sentence in light of *Booker,* on remand, the sentencing court only noted that it would not change Mansoori's life sentence on Count One. (*See* Jan. 9, 2008, Minute Entry.) The court was silent on Counts Three through Thirteen, indicating that the 110-year sentence on those Counts was not a primary consideration. Additionally, the co-defendants who received life sentences alongside Mansoori—Choice, Cox, and Young—have all had their sentences reduced. The Court would be imposing a sentence that is greater than necessary to serve the purposes of sentencing if Mansoori was the only defendant in this case whose judgment

requires that he die in prison, due to a concurrent sentence for financial crimes attendant to the conspiracy. *See* 18 U.S.C. § 3553(a)(6) (courts must avoid unwarranted sentencing disparities). Therefore, the Court will reduce Mansoori's sentence on Counts Three through Thirteen alongside Count One.

### C. Discretion

The Government argues that the Court should not exercise its discretion under the First Step Act to lower Mansoori's sentence, due to the seriousness of Mansoori's conduct. The Government urges that reducing Mansoori's sentence will result in a "windfall" unavailable to other defendants prosecuted for the same conduct after the enactment of the Fair Sentencing Act. (For defendants indicted post-Fair Sentencing Act, the Government knew it had to charge amounts greater than the 5 and 50 grams that triggered the pre-Fair Sentencing Act mandatory minimums.) Other courts in this District have rejected this argument. *Wright*, 2019 WL 3231383, at *3; *United States v. Cross*, 397 F. Supp. 3d 1184, 1188-89 (N.D. Ill. 2019). The Court will not assume that any defendant could have been indicted on a greater drug quantity. *Cross*, 397 F. Supp. 3d at 1189. The issue before the Court is whether Mansoori is eligible for relief under the First Step Act, "not whether his eligibility differs from other defendants." *Wright*, 2019 WL 3231383, at *3. Therefore, the Court will not disregard Mansoori's

eligibility "based on an argument that other defendants might be subject to longer statutory minimum sentences." *Id.*

In determining whether a sentence reduction is warranted for a First Step Act-eligible defendant, a court should consider the § 3553(a) factors. *United States v. Shields*, No. 1:08-CR-314, 2019 WL 3003425, at *7 (M.D. Pa. July 10, 2019); *see also Cross*, 397 F. Supp. 3d at 1189. Evidence of post-sentencing rehabilitation "may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." *Pepper v. United States*, 562 U.S. 476, 491 (2011). For example, post-sentencing rehabilitation may be relevant to "the history and characteristics of the defendant," the need to "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed educational or vocational training." *Id.* (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(b)-(d)).

Without any expectation that he would be freed from custody, Mansoori consistently took efforts to better himself and remain productive. Mansoori has submitted a long record of programing he participated in, including attaining his GED, tutoring his fellow inmates in GED preparation, and working in the prison. (*See* Def.'s First Step Act Mot., Dkt. No. 1147.) He has not incurred a disciplinary incident in over a decade. (*Id.*) Mansoori's post-

incarceration conduct assures the Court that his history and characteristics no longer call for a life sentence. 18 U.S.C. §§ 3553(a)(1). The Court is optimistic that Mansoori had been adequately deterred and can lead a law-abiding life upon release. *See Pepper*, 562 U.S. at 491 ("In assessing… deterrence, protection of the public and rehabilitation… there would seem to be no better evidence than a defendant's post-incarceration conduct.") (citation omitted). Mansoori is now 59 years old, an age at which recidivism is far less likely, and suffers from various ailments including diabetes, asthma, and a spinal issue that renders him unable to stand for longer than seven minutes at a time. Moreover, federal immigration authorities have issued a detainer for Mansoori. (*See* Def.'s First Step Act Mot. at 7, 9.) Mansoori will not be released to the community; he will be processed for deportation to his home country of Iran.

Finally, the Court turns to what sentence is appropriate. As explained above, pursuant to the Supreme Court's *Apprendi* opinion, the indictment must allege, and a jury must unanimously find, that the offense involves that threshold amount before a court may sentence a defendant to the life term authorized by § 841(b)(1)(A). *See Apprendi*, 530 U.S. at 476-79. In the absence of a jury finding a specific quantity of narcotics for a § 841(a) conviction, the default statutory maximum sentence is 20 years. 21 U.S.C.

§ 841(b)(1)(C). As the Seventh Circuit recognized on its first review of this case, the sentencing court, which sentenced Mansoori before the *Apprendi* decision was released, "erred in imposing any sentence in excess of the default maximum of twenty years." *Mansoori I*, 304 F.3d at 657 (finding such error was not plain). Although *Apprendi* and *Alleyne* are not strictly "retroactive" via the First Step Act, Congress would not have expected federal courts to continue to base sentencing on impermissible judicial fact finding at sentencing. *Williams*, 2019 WL 4014241, at *5. Therefore, applying the logic of *Apprendi* and § 841(b)(1)(C), the Court reduces Mansoori's sentence for his conspiracy conviction under §§ 841(a), 846 (Count One) from life to twenty years' incarceration. And the Court amends the sentences for Mansoori's 18 U.S.C. § 1957 convictions (Counts Three through Thirteen) to run concurrent to one another and concurrently to the sentence on Count One. Thus, Mansoori's sentence is effectively converted to time served. The Court leaves intact all other terms of Mansoori's criminal judgment, including the eight-year term of supervised release.

### IV. CONCLUSION

For the reasons stated herein, Mansoori's Motion for Relief Under the First Step Act (Dkt. No. 1147) is granted. The Court reduces Mansoori's sentence to time served on Count One, and amends

the sentences imposed on Counts Three through Thirteen to run concurrently to one another and concurrently to the sentence on Count One. Therefore, Mansoori is eligible for immediate release, subject to his pending immigration detainer.

**IT IS SO ORDERED.**

                               _____
                               Harry D. Leinenweber, Judge
                               United States District Court

Dated: 12/9/2019